IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION

ROBIN ANN ANDERSON                                                                      PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:21-cv-00147-TBM-RPM

U.S. XPRESS, INC.
AND JEAN N. NELSON                                                                    DEFENDANTS

**DEFENDANT. U.S. XPRESS, INC.'S OBJECTIONS TO
THE 30(b)(6) DEPOSITION NOTICE OF U.S. XPRESS, INC.**

Defendant, U.S. XPRESS, INC. (USX), hereby files its objections to the Plaintiff's Rule 30(b)(6) Notice of Deposition as follows:

USX reserves the right to raise additional objections to individual questions posed at the deposition to the extent that they seek information protected by attorney-client privilege, materials prepared in anticipation of litigation, attorney work product, and irrelevant information. Defendant further objects to the extent that it is requested to produce information previously provided in its discovery responses and/or to provide additional copies for counsel. However, for clarity and to allow the parties a chance to work through the objections, USX objects to the following:

Your relationship with Jean Nelson, the work which he performed and the work which he was performing during the days leading up to and including the date of the Collision.

A. Matters on which examination is requested:

2. What was his job title and what were his duties?

**OBJECTION: As Defendant stated in its discovery responses, Mr. Nelson started working with this Defendant multiple times starting in 2006. However, the most recent of the relationships began on or about September 21, 2018 when Mr. Nelson became an independent contractor. Defendant objects to this Area of Inquiry as it is overbroad in time**

**and scope and irrelevant to the extent it seeks information pre-dating the most recent employment relationship.**

3. What work did Jean Nelson perform for you during the thirty (30) days immediately preceding the Collision up through the moment of the Collision?

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis*[1] and further based on the Stipulation of Simple Negligence.**

4. What hours did he work and where was the work performed during the thirty (30) days immediately preceding the Collision up through the moment of the Collision?

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. Furthermore, the position history from June 28, 2019 to the date of the incident has been previously produced.**

5. What records did you maintain regarding the work which Jean Nelson performed during the thirty (30) days immediately preceding the Collision?

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the**

---

[1] *Carothers v. City of Water Valley,* No. 242 So.3d 138, 144 (Miss. Ct. App. 2017); *Davis v. ROCOR Int'l,* No. 3:00-CV-864, 2001 U.S. Dist. LEXIS 26216 (S.D. Miss. Dec. 19, 2001).

**Stipulation of Simple Negligence. Furthermore, the position history from June 28, 2019 to the date of the incident has been previously produced.**

B.  Documents and things to be produced:

1. Jean Nelson's actual and complete personnel file as well as a copy for Plaintiff's Counsel.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. Subject to the foregoing, and without waiving the same, Defendant will produce Mr. Nelson's DQ file from his most recent work with USX, however Plaintiff should make copies for her counsel.**

2. A copy any and all documents and records evidencing any disciplinary action you have ever taken against Jean Nelson before and after the Collision, if any.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

4. A copy of all documents in your possession evidencing complaints made to your company regarding Jean Nelson's driving.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the**

**Stipulation of Simple Negligence. Subject to the foregoing, and without waiving the same, Defendant will produce Mr. Nelson's DQ file from his most recent work with USX**

5. Any tickets, citations, Collision reports and the resolution of same concerning any traffic violations or Collisions in which Jean Nelson was involved while employed by you.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope and vague in its use of the term employed. Moreover, the Defendant objects to the extent that this Area of Inquiry is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. Subject to the foregoing, and without waiving the same, none in the five years prior to this incident.**

7. Any documents evidencing the hours worked by Jean Nelson during the thirty (30) days immediately prior to the Collision up through and including the time of the Collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. Further, the positioning history from June 28, 2019 through the date of the incident has been produced.**

8. Any documents evidencing the personnel, equipment or supplies Jean Nelson was involved in during the mission in which he was engaged during the Collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

9. All dispatch or other records evidencing or relating to the mission in which Jean Nelson was involved during the Collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

10. All logbooks, time sheets, load sheets and/or other tangible items concerning the work which Jean Nelson performed during the thirty (30) days immediately preceding the Collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

11. Any documents, training materials or other tangible items reflecting expectations and limitations placed on Jean Nelson during his employment.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. In addition, Defendant has already produced information regarding the training that Mr. Nelson attended.**

Insurance covering you, Jean Nelson and/or the truck during the Collision.

A. Matters on which examination is requested:

1. Please identify every policy of primary liability insurance and/or automobile liablity insurance providing coverage to you, Jean Nelson, or the truck in full force and effect during the Collision (to answer this inquiry, please assume for the purposes of production that the damages or losses sustained by the plaintiff any and all policy limits)

**OBJECTION: This area of Inquiry is overbroad in scope. Defendants have produced the primary one million dollar policy applicable to this case.**

B. Documents and things to be produced:

1. All policies of liability insurance, primary or excess, covering you, Jean Nelson and the truck during and at the time of the Collision.

**OBJECTION: This area of Inquiry is overbroad in scope. Defendants have produced the primary one million dollar policy applicable to this case.**


Your safety program.

A. Matters on which examination is requested:

1. Please identify and describe your safety program as it existed on the date of the Collision and identify any documents, films or videos which set forth your safety program of which are used as a party of your safety training of employees such as Jean Nelson.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

2. What safety training was provided to Jean Nelson?

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. Further, information regarding the training modules reviewed by Mr. Nelson was already provided in discovery.**

3. What changes in your safety program were made because of the Collision?

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. Moreover, this Area seeks post-remedial measures, which measures are inadmissible.**

4. What safety training is provided to your drivers by third persons?

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

5. What limitations if any did you place on Jean Nelson or other drivers in the operations of vehicles following the Collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. Moreover, this Area seeks information regarding post-remedial measures, which measures are inadmissible.**

B.      Documents and things to be produced:

1. A copy of your corporate safety manual as it existed on the date of the Collision, and the current version, if different from before.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. In addition, this area seeks information regarding post-accident/post-remedial measures which are inadmissible.**

2. A copy of your employee manual as it existed on the date of the Collision, and the current version.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. In addition, this area seeks information regarding post-accident/post-remedial measures which are inadmissible.**

3. A copy of all documents reflecting your disciplinary policies and procedures in effect during the Collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

4. A copy of any documents setting forth your company's safety policies, practices and procedures as they existed on the date of the Collision and as they exist now, if different before.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. In addition, this area seeks information regarding post-accident/post-remedial measures which are inadmissible.**

5. A copy of any literature evidencing safety courses attended by your employees conducted by third persons.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

6. A copy of any safety training materials which you utilize in providing safety training to your employees, including brochures, manuals, driver guides, video tapes or other similar materials.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

7. Copies of the safety meeting reports or minutes of all safety meetings conducted by you covering the year of the Collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence. In addition, this area seeks information regarding post-accident/ post-remedial measures which are inadmissible.**

8. Copies of any safety literature, documents or materials of every kind and description which you provide to employees entrusted with the operation of motor vehicle.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

9. Copies of any documents evidencing the requirements for employees to drive vehicles.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

The Collision.

A. Matters on which examination is requested:

13. Describe what steps you have taken to minimize future events such as this collision from happening again?

**OBJECTION: Defendant objects to this Area of Inquiry to the extent that it seeks information related to post-remedial measures that are irrelevant and inadmissible.**

B.     Documents and things to be produced:

4.     All documents or tangible things reflecting your investigation of the cause of the Collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Defendant further objects to the extent that this seeks information protected by the attorney-client privilege and the work product doctrine.  Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

5.     All alcohol or drug testing results concerning Jean Nelson during his employment.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

6.     The results of any investigation into the cause of the collision.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Defendant further objects to the extent that this seeks information protected by the attorney-client privilege and the work product doctrine.  Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

Repairs to the truck.

A.     Matters on which examination is requested:

1. What repairs were performed on the truck from the date that you acquired it through the date of the collision?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant.**

2. Who performed all of those repairs?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant.**

3. What repairs were made to the truck after the collision?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant.**

4. Who performed those repairs?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant.**

5. What were the costs of the repairs subsequent to the collision?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant.**

Documents and things to be produced:

1. All documents evidencing repairs to the truck from the date you acquired it up to the time of the collision.

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant. Further, Defendant has produced information regarding the work orders for the vehicle going back to March of 2019.**

2. All documents evidencing repairs to the truck as a result of the collision.

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant. Further, Defendant has produced information regarding the work orders for the vehicle going back to March of 2019.**

3. All documents evidencing repairs to the truck subsequent to the time of the collision but not related to the collision.

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this**

**Area overbroad and irrelevant. Lastly, and repairs to the truck occurring after, and unrelated to, this incident are wholly irrelevant.**

Maintenance to the truck (prior and subsequent to the collision).

A.     Matters on which examination is requested:

1.     What maintenance did you perform on the truck yourself?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant.**

2.     What documents have you maintained in connection with maintenance which you performed on the truck at any time?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant. Further, Defendant has produced information regarding the work orders for the vehicle going back to March of 2019.**

3.     What maintenance was performed on the truck by persons other than you?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant. Further, Defendant has produced information regarding the work orders for the vehicle going back to March of 2019.**

4. What documents do you have evidencing the maintenance performed by third persons?

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant. Further, Defendant has produced information regarding the work orders for the vehicle going back to March of 2019.**

B. Documents and things to be produced:

1. All maintenance which you performed on the truck in house from the date that the truck was acquired by you through the date of the collision including, but not limited to, maintenance upon:

   a. Steering components;

   b. The brakes and braking components;

   c. Windshields or windows;

   d. Tires.

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant. Further, Defendant has produced information regarding the work orders for the vehicle going back to March of 2019.**

2. All documents evidencing maintenance performed on the truck prior to the date of the collision by persons other than you including, but not limited to, documents relating to, maintenance upon:

   a. Steering components;

     b.     The brakes and braking components;

     c.     Windshields or windows;

     d.     Tires.

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant. Further, Defendant has produced information regarding the work orders for the vehicle going back to March of 2019.**

3.     All documents evidencing maintenance performed by persons other than you subsequent to the collision including, but not limited to, documents relating to, maintenance upon:

     a.     Steering components;

     b.     The brakes and braking components;

     c.     Windshields or windows;

     d.     Tires.

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope. There have been no allegations or evidence that the truck driven by Mr. Nelson had any issues on the date of the incident. Moreover, the Stipulation as to Simple Negligence also renders this Area overbroad and irrelevant. Further, any repairs to the vehicle performed after the subject collision are wholly irrelevant to this matter.**

Witnesses and Experts.

A.     Matters on which examination is requested:

1.     Please identify all witnesses whom you may reasonably expect to call at the trial.

**OBJECTION: Defendant objects to this Area as it seeks to invade the attorney-client privilege and the work product doctrine. Such determinations have not been made at this time.**

3. As to each expert whom you expect to call as a witness state:

    a. His/her name, address and qualifications;

    b. The subject matter on which he/she is expected to testify;

    c. The substance of facts and opinions to which the expert is expected to testify; and

    d. A Summary of the grounds for each such opinion.

**OBJECTION: Defendant objects to this Area as it seeks to invade the attorney-client privilege and the work product doctrine. Such determinations have not been made at this time. Defendant will supplement its prior discovery responses in accordance with the Expert Designation Deadline in this matter.**

4. Please identify any private investigator including their individual employees who have conducted surveillance of the plaintiff on your behalf.

**OBJECTION: Defendant objects to this request as it seeks to invade the attorney-client privilege and work product doctrine. Subject to the foregoing, and without waiving the same, none at this time.**

B. Documents and things to be produced:

2. All original unedited surveillance videotapes, computer files, photographs, summaries, logs or reports concerning any of the plaintiffs.

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope and to the extent that it seeks information protected by attorney-client privilege and work product doctrine as "concerning the plaintiffs" is tantamount to asking for counsel undersigned's**

**entire file. Subject to the foregoing, and without waiving the same, to the extent that this Request is seeking information related to surveillance of the Plaintiff, none at this time.**

Miscellaneous

1. Any of the matters and areas of inquiry raised in the Allegations of the Complaint, the Answer to the Compliant, the Answers to Discovery or any deposition taken.

**OBJECTION: Defendant objects to this Area as it is overbroad in time and scope and to the extent that it seeks to invade the attorney-client privilege and work product doctrine. Defendant further objects that this catch-all does not provide the Defendant with any meaningful notice so that it may prepare its witness.**

2. Any matters within the company's knowledge about safely operating a motor vehicle.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

3. All matters concerning the steps take to train and supervise your employees.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

4. Information regarding the size and substance of your company, including but not limited to:

a. The nature of your business and what it is "about" including but not limited to its company and/or corporate responsibilities to the communities and environments in which it operates and actions taken to promote public trust and confidence as well as the well-being of its own employees, including the standards set to achieve this.

b. Your services offered to other in the industry in which you operate.

c. Your history.

d. Your website and information on it.

e. Your company's values and mission and how you see yourself.

f. The number of offices in which your company has operations including the number of drivers you have on the road, whether as employees or those operating as "statutory employees" or independent contractors for you.

g. Your team, that is, the hierarchy or chain of command from Jean Nelson to the top of the chain.

**OBJECTION: Defendant objects to this Area of Inquiry as it is overbroad in time and scope, vague, and ambiguous. Moreover, the Defendant objects to the extent that this Area of Inquiry seeks information that is irrelevant based upon the merger doctrine set forth in *Carothers* and *Davis* and further based on the Stipulation of Simple Negligence.**

RESPECTFULLY SUBMITTED, this the 20th day of January, 2022.

U.S. XPRESS, INC. Defendants

BY: CARR ALLISON, Its Attorneys

BY: */s/Nicole Huffman*
NICOLE HUFFMAN, MB#101457

CARR ALLISON
Douglas Bagwell/MB#1682
Nicole Huffman/MB#101457
1319 26th Avenue
Gulfport, MS 39501
Phone: (228) 678-1004
Fax: (228) 864-9160
E-mail:  dbagwell@carrallison.com
E-mail:  nhuffman@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jason Ruiz, Esq.
1712 – 15th Street, Suite 300
Gulfport, MS  39501
jruiz@morrisbart.com

This the 20th day of January, 2022.

/s/Nicole Huffman